UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **AARON L. WILLIAMS,** ) | **Case No. 1:09cv2946** |
| ) | **Criminal Case No. 1:08cr50** |
| **Petitioner,** ) | |
| ) | **Judge Dan Aaron Polster** |
| **vs.** ) | |
| ) | **MEMORANDUM OF OPINION** |
| **UNITED STATES OF AMERICA,** ) | **AND ORDER** |
| ) | |
| **Respondent.** ) | |

Before the Court is Petitioner Aaron L. Williams' *pro se* motion under 28 U.S.C. §2255 to vacate, set aside, or correct sentence, filed on December 18, 2009 (***Doc. #1***).  On April 22, 2008, Petitioner, pursuant to a written agreement, pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1).  *Doc*. *#22*.[1]  The Court sentenced Petitioner to a prison term of sixty (60) months with three (3) years supervised release on July 14, 2008.  *Doc*. *#24*.  Judgment was entered on July 21, 2008.  *Doc*. *#25*.

---

[1]All document references, except for the instant motion, are from the criminal case, No. 1:08cr50.

-1-

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.  Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

*Id*.  Having reviewed the records and transcripts relating to the judgment under attack, the Court finds that Petitioner is not entitled to relief.  Under 28 U.S.C. §2255(f)(1), the statute of limitations for Petitioner to file the instant motion is one year from the date on which judgment became final.  Petitioner's instant motion was not filed until December 18, 2009, more than one year after Petitioner's deadline to appeal his conviction.  Accordingly, Petitioner's motion is untimely.

Moreover, the written plea agreement waived Petitioner's right to bring a post-conviction proceeding under 28 U.S.C. §2255, except to challenge: a) any punishment in excess of the statutory maximum; b) any sentence exceeding the maximum of the sentencing range; or c) the Court's criminal history calculation.  *Doc. #22* at 5.  Petitioner's barely comprehensible motion appears to be arguing that his sentence of 60 months imprisonment combined with 3 years supervised release exceeds the statutory maximum.  This argument is clearly erroneous as "[w]hoever knowingly violates [18 U.S.C. §922(g)(1)] shall be ... imprisoned not more than 10 years ..." 18 U.S.C. §924(a)(2).  Moreover, the plea agreement, which the Court carefully and

thoroughly reviewed with Petitioner, acknowledged that "the maximum penalty for each count of the indictment is a prison term of 10 years ... and up to 3 years supervised release." *Doc. #22* at 2. As Petitioner represented that he understood the maximum sentence to be a prison term of 10 years plus 3 years supervised release, and his motion does not argue that the plea agreement was entered into unknowingly, involuntarily, due to the ineffective assistance of counsel or that there was prosecutorial misconduct,[2] Petitioner's argument that his sentence exceeded the statutory maximum lacks merit.

The only other §2255 claims not waived by the plea agreement - that Petitioner's sentence exceeds the sentencing range or that the Court miscalculated his criminal history - are not raised in Petitioner's motion. Accordingly, since it plainly appears from the motion and the prior proceedings that Petitioner is not entitled to relief under 28 U.S.C. §2255, the motion is **SUMMARILY DISMISSED** under Rule 4(b).

**IT IS SO ORDERED.**

    */s/Dan Aaron Polster     12/29/09*
    **Dan Aaron Polster**
    **United States District Judge**

---

[2]The plea agreement did not waive Petitioner's right to claim ineffective assistance of counsel or prosecutorial misconduct. *Doc. #22* at 5.